HURWITZ, Circuit Judge,
concurring:
I agree that the instructions in this case, as a whole, “accurately informed the jury that a conspiracy could not be found based only on the sales ... to Moe,” and that Moe demonstrated no prejudice from the court’s failure to give a separate buyer-seller instruction. I therefore join the panel opinion.
Even when the instructions accurately inform the jury of what is required to find a conspiracy, however, “the line between a conspiracy and a mere buyer-seller relationship is difficult to discern.” United States v. Gee, 226 F.3d 885, 895 (7th Cir.2000). Recognizing this, the Seventh Circuit sensibly requires district courts to give a buyer-seller instruction whenever a jury “could conceivably have determined that the buyer-seller relationship which existed did not involve an overarching conspiratorial agreement.” United States v. Mims, 92 F.3d 461, 464 (7th Cir.1996); Gee, 226 F.3d at 895. To determine if a case “presents one of those situations,” that court evaluates criteria such as *1130 whether (1) “[t]he proffered evidence of a conspiracy was circumstantial and not overwhelming,” (2) “[t]he evidence was as consistent with a buyer-seller relationship as it was with a conspiracy,” and (3) “[t]he instructions allowed the jury to make a guilty finding without determining whether the government had proved the existence of a conspiracy.” Gee, 226 F.3d at 895.
I urge our court to follow the Seventh Circuit. Although a federal judge or experienced criminal practitioner can discern that a buyer-seller relationship cannot alone establish a conspiracy, this concept is far from intuitive for jurors, particularly when, as here, “the existence of a conspiratorial agreement was closely contested and conflicting evidence was presented.” Id. at 896 (internal quotation marks omitted). The buyer-seller instruction serves “to ensure a jury finding on this essential element” of conspiracy. Id. (internal quotation marks omitted).
District courts, of course, have “substantial latitude” in formulating instructions. United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir.1996). But properly distinguishing between a buyer-seller relationship and a conspiracy regularly goes to the heart of “the essential fairness and integrity of the trial.” Gee, 226 F.3d at 896 (internal quotation marks omitted). A buyer-seller instruction facilitates the jury’s resolution of this recurrent issue, and thus well serves the interests of justice.